**LAW OFFICES OF MINAKSHI V. HEMLANI, P.C.**
Suite C-312 OP Plaza, 285 Farenholt Ave.
Tamuning, Guam 96913
Tel: (671) 588-2030 Fax: (671) 649-2030
mvhemlani@mvhlaw.net

Attorney for Creditor/Defendants
*888 Guam, LLC dba Clean Shot Guam*

**UNITED STATES DISTRICT COURT**
**DISTRICT COURT OF GUAM**

| | |
|---|---|
| IN MATTER OF THE VOLUNTARY BANKRUPTCY PETITION OF:<br><br>GINA ANN PEREZ CAMPOS and JASON PAUL CASTRO CAMPOS | Case No. 19-00090<br>Chapter: 7 |
| GINA ANN PEREZ CAMPOS and JASON PAUL CASTRO CAMPOS<br><br>            Plaintiffs,<br><br>vs.<br><br>JOSEPH LOPEZ and MARIE LOPEZ, 888 GUAM LLC dba CLEAN SHOT GUAM<br><br>            Defendants. | Adv. Proc. No. 20-00001<br><br>**DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT SEEKING TO SET PREFERENCE PURSUANT TO FRCP 12(b)(1) and 12(b)(6)** |

      Defendants/Creditor Joseph and Marie Lopez, and 888 Guam LLC dba Clean Shot Guam, by and through undersigned counsel of record, move to dismiss Plaintiff's/Debtor's First Amended Complaint Seeking to Set Aside Preference ("Complaint") (1) for lack of subject matter jurisdiction, (2) for failure to state a claim upon which relief may be granted, and (3) because a preferential transfer did not occur pursuant to 11 U.S.C.A §547.

## RELEVANT PROCEDURAL HISTORY

Defendants/Creditor filed a Verified Complaint for Specific Performance and alternatively for Breach of Contract on May 31, 2019, under Superior Court of Guam Civil Case No. CV 0680-19, with regards to Plaintiffs'/Debtors' real property located at 311 Monessa Street, Pago Bay, Chalan Pago (hereinafter, the "Property"). *See* Case No. 19-00090, Claim 6, Part 2.

In the Superior Court case, Defendants/Creditor seek specific performance to purchase the Property based on a Lease Agreement with Option to Purchase or, in the alternative, Defendants/Creditor seek reimbursement for repairs, maintenance, and improvements to the Property. As is usual with civil proceedings involving real property, Defendants/Creditor recorded a Notice of *Lis Pendens*. *See* Case No. 19-00090, Claim 6, Part 3.

Plaintiffs/Debtors were allowed twenty (20) days after the date of service of Summons on June 14, 2019 to respond to the Superior Court case. On July 3, 2019 (day 19), Plaintiffs/Debtors filed a voluntary petition for bankruptcy under Chapter 13 (Case No. 19-00090, ECF No. 1) and state their reason for filing was "in order to stay default judgment against Debtors' residential[1] property scheduled on the eve of filing." *See* Case No. 19-00090, ECF No. 11.

Defendants/Creditor did not obtain judgment in the Superior Court case because the bankruptcy proceeding triggered an automatic stay under 11 U.S.C.A. § 362. Defendants/Creditor had no prior notice or indication that Plaintiffs/Debtors intended to file a voluntary petition for bankruptcy.

On April 28, 2020, Plaintiffs/Debtors filed their Complaint pursuant to Section 547 and 522 of the Bankruptcy Code alleging that a preferential transfer occurred when

---

[1] During the Meeting of the Creditors held March 6, 2020, Assistant U.S. Trustee Curtis Ching determined Debtors' claim for a homestead exemption on the Property to be inapplicable because Debtors do not reside at the Property.

Defendants/Creditor filed a Notice of *Lis Pendens* less than 90 days before Plaintiffs/Debtors filed their petition for bankruptcy. *See* Case No. 20-00001, ECF No. 1 at ¶ 1.

At hearing held May 29, 2020, Plaintiffs/Debtors orally stipulated to dismissal of their petition for bankruptcy under Chapter 7[2]. *See* Case No. 19-00090, ECF No. 65. Assistant U.S. Trustee Ching filed the Stipulation to Dismiss Bankruptcy Case No. 19-00090 on the same date. *See* Case No. 19-00090, ECF No. 64. During the May 29, 2020 hearing, it was agreed that at the hearing to approve said Stipulation to Dismiss, the parties would address any remaining issues including whether or not this Court would retain jurisdiction of Plaintiffs'/Debtors' Complaint.

## LEGAL STANDARD

A. <u>Lack of Subject-Matter Jurisdiction</u>

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides a party may move to dismiss a complaint for lack of subject-matter jurisdiction. Fed.R.Civ.P. 12(b)(1); Fed.R.Bank.P. 7012(b). A party attempting to invoke the jurisdiction of the federal courts bears the burden of establishing that jurisdiction. <u>Poplar Run Five Limited Partnership v. Virginia Electric & Power Co. (In re Poplar Run Five Limited Partnership)</u>, 192 B.R. 848, 855 (Bankr. E.D. Va. 1995) (*citing* <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994)). The United States Supreme Court described bankruptcy court jurisdiction as follows:

> The jurisdiction of the bankruptcy courts, like that of other federal courts, is grounded in, and limited by, statute. Title 28 U.S.C. § 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." The district courts may, in turn, refer "any or all proceedings arising under title 11 or arising in or related to a case under title 11...to the bankruptcy judges for the district." 28 U.S.C. § 157(a).

---

[2] Plaintiffs/Debtors bankruptcy petition was converted from Chapter 13 to Chapter 7 pursuant to the Court's Order granting said conversion on January 24, 2020. *See* Case No. 19-00090, ECF No. 36.

Celotex Corp. v. Edwards, 514 U.S. 300, 307 (1995). "Proceedings 'related to' the bankruptcy include (1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between third parties which have an effect on the bankruptcy estate. Id. at 308.

B. FAILURE TO STATE A CLAIM

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6); Fed.R.Bank.P. 7012(b). In order to survive a motion to dismiss, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). A pleading which states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…" Fed.R.Civ.P.8(a)(2); Fed.R.Bankr.P.7008. A statement showing entitlement to relief under Rule 8(a)(2) must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974.

## ARGUMENT

**I. THE COURT LACKS SUBJECT MATTER JURISDICTION UPON DISMISSAL OF THE BANKRUPTCY PETITION.**

Assuming this Court grants the Stipulation to Dismiss Bankruptcy Case No. 19-00090, electronically executed by Assistant U.S. Trustee Ching and Plaintiffs/Debtors counsel of record (*see* Case No. 19-00090, ECF No. 64), the Court cannot retain jurisdiction of the Plaintiffs'/Debtors' Complaint. While the decision to retain jurisdiction is generally left to the sound discretion of the court, "the law does not permit the use of discretion when an adversary proceeding depends upon the bankruptcy case for its existence." In re Davison, 186 B.R. 741, 742 (1995).

The In re Davison court held that an adversary proceeding filed to avoid a preferential transfer under Section 547 must be dismissed along with the dismissal of a bankruptcy case. Id. The court reasoned that "results of a dismissal have different consequences, especially for actions to recover preferential transfers and other actions that depend upon the existence of the bankruptcy for their viability." Id. at 743. Specifically, a dismissal reinstates preferential transfers and reverts property of the estate in the entity where such property was vested before the commencement of the case. Id. (*citing* 11 U.S.C. §349(b)).

Considering the Plaintiffs/Debtors have stipulated to dismiss their bankruptcy petition, the Court must similarly dismiss the Complaint because the issue of preferential transfer depends on the existence of the bankruptcy case for its viability. For example, one of the necessary elements for a preferential transfer under Section 547 is that the transfer was made during a preference period. 11 U.S.C.A. §547. Without the existence of bankruptcy case, there is no preference period.

The only purpose of retaining jurisdiction after a bankruptcy closure is to ensure court orders are properly followed. Id. at 743. "Very often, issues will arise after the case is closed, such as over the validity of a purported reaffirmation agreement, the existence of post-bankruptcy discrimination, the validity of securities issued under a reorganization plan, and so on." In such instances, it is logical for the bankruptcy courts to hear these proceedings because they "*arise under title 11*." Id. However, that is not the case in an adversary proceeding to avoid and exempt a preferential transfer under Section 547.

Approval of the Stipulation to Dismiss effectively reinstates the transfer, if any, and lifts the automatic stay; mooting disputes between the parties related to the bankruptcy estate. Thus, there is "no discretion to retain jurisdiction over something which does not exist." Id. at 744.

## II. THE COMPLAINT FAILS TO PLEAD SUFFICIENT FACTUAL ALLEGATIONS TO ESTABLISH A SECTION 547 PREFERENCE.

The Complaint fails to state a claim upon which relief may be granted and should therefore be dismissed pursuant to Rule 12(b)(6). Specifically, it fails to allege sufficient facts showing why Plaintiffs/Debtors are entitled to avoidance and expungement of the *lis pendens* under Section 547 and 522 of the Bankruptcy Code. An examination of the Complaint under the heightened pleading standard set forth in Twombly, 550 U.S. 544 and Ashcroft v. Iqbal, 556 U.S. 662 (2009), shows its failure to plead sufficient factual allegations necessary to establish a Section 547 preference claim for relief that is plausible.

For a plaintiff to avoid a preferential transfer, **all** elements required under Section 547 must be met. Section 547 provides, in relevant part:

> (b) Except as provided in subsections (c) and (i) of this section, the trustee may, based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c), avoid **any transfer of an interest** of the debtor in property—
>     (1) to or for the benefit of a creditor;
>     (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>     (3) made while the debtor was insolvent;
>     (4) made—
>         (A) on or within 90 days before the date of the filing of the petition; or
>         (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>     (5) that enables such creditor to receive more than such creditor would receive if—
>         (A) the case were a case under chapter 7 of this title;
>         (B) the transfer had not been made; and
>         (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C.A. §547(b) (emphasis added).

The above-enumerated elements and the Complaint's failure to plead sufficient factual allegations in support of the same are analyzed below.

A. TRANSFER OF AN INTEREST OF THE DEBTOR IN PROPERTY

Section 547(b) provides that a trustee may avoid "any transfer of an interest of the debtor in property…" 11 USC §547(b). Plaintiffs/Debtors allege that Defendants'/Creditor's recording of a *lis pendens* is an action voidable under Section 547 and 522. However, the Complaint contains no facts in support of the general allegation that Defendants'/Creditors' actions fall within the meaning of a transfer under the Bankruptcy Code. Therefore, Plaintiffs/Debtors cannot show it is plausible that their interest was transferred.

B. TO OR FOR THE BENEFIT OF A CREDITOR

The Complaint asserts "the action was for the benefit of the Defendants." *See* Case No. 20-00001, ECF No. 1 at ¶ 15(a). While this conclusory statement recites an element of Section 547, it is not accompanied by any facts in support. The Complaint alleges preferential transfer occurred by the recording of a *lis pendens* but lacks any factual information regarding such recording. Without factual assertions showing it is plausible that an alleged transfer occurred, the Complaint fails to satisfy the plausibility standard for claims of relief under Section 547.

C. FOR OR ON ACCOUNT OF ANTECEDENT DEBT

Section 547(b)(2) provides that a transfer must be "for or on account of an antecedent debt owed by the debtor before such transfer was made." 11 U.S. C. 547(b)(2). The nature and amount of the antecedent debt is necessary to show entitlement relief under a preferential transfer theory. In re Valley Media, Inc., 288 B.R. 189 (Bankr.D.Del. 2003). Here, Plaintiff's/Debtor's assert that "the action was taken on account of an alleged debt which arose prior to the action of Defendants, and prior to the filing of their bankruptcy petition." *See* Case No. 20-00001, ECF No. 1 at ¶ 15(b).

However, Plaintiffs/Debtors fails to assert any facts showing the existence or nature of the alleged antecedent debt.

   D. MADE WHILE DEBTOR WAS INSOLVENT

For a transfer to be avoidable as a preference, 11 U.S.C.A. § 547(b)(3) requires that the transfer must have been made while the debtor was insolvent. A debtor is presumed to be insolvent on and during the 90 days preceding its bankruptcy under Section 547(i); however, that presumption is not absolute and is rebuttable. In re Koubourlis, 869 F.2d 1319, 19 Bankr. Ct. Dec. (CRR) 367, Bankr. L. Rep. (CCH) ¶ 72720 (9th Cir. 1989).

The presumption of insolvency may be rebutted by raising the court's attention to documents which appear to establish that debtor's assets, at a fair evaluation, exclusive of exempted property, are exceeded by the debts. Id.; *see also* 11 U.S.C.A. § 101(32) (defining insolvent as a "financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation.") Rebuttable evidence includes a debtor's own schedules and financial disclosures. In re Koubourlis, 869 F.2d 1319.

Defendants/Creditor proffers Plaintiffs'/Debtors' submitted financial schedules, statements, and disclosures as proof of their solvency on and during the 90 days preceding the filing of their bankruptcy petition. *See* Case No. 19-00090, ECF No. 14. On August 16, 2019, Plaintiffs/Debtors reported that their assets or combined property totaled $205,098.49 and that their liabilities totaled $165,741.23. *See* Case No. 19-00090, ECF No. 14, pp. 18-19. It is evident in Plaintiff's/Debtor's financial schedules, statements, and disclosures that they were not insolvent at the time of filing for bankruptcy; their assets were clearly greater than their debt.

In fact, Plaintiffs/Debtors may have assets greater than those disclosed. During a Meeting of the Creditors held March 6, 2020, Assistant U.S. Trustee Ching questioned the inconsistencies

in Plaintiffs'/Debtors' statement of financial affairs including the increase in Plaintiffs'/Debtors' cost of living expenses (phone and monthly car payments) during the pendency of the bankruptcy proceeding. *See* and compare Case No. 19-00090, ECF Nos. 14 and 34. At the same Meeting of the Creditors, Plaintiffs/Debtors admitted receiving regular monthly income from Defendants/Creditor in the years 2017 and 2018, but such rental income was not disclosed in their statement of financial affairs. *See* Case No. 19-00090, ECF No. 14, p. 6, part 2. In the Stipulation to Dismiss, the U.S. Trustees contended that "cause exists to dismiss this case under Section 707(a) of the Bankruptcy Code due to certain inaccuracies in the Debtor's bankruptcy schedules." *See* Case No. 19-00090, ECF No. 64 at ¶ 3.

Moreover, Defendants/Creditor disagree with Plaintiffs/Debtors current valuation of the Property. Plaintiffs/Debtors originally valued the Property at $152,966.00 (Case No. 19-00090, ECF No. 20) but later significantly decreased that valuation to $48,673.00. *See* Case No. 19-00090, ECF No. 45. Section 101(32) requires the consideration of the fair valuation of a debtor's assets and not a mere estimate, especially one that is significantly lower than what was previously reported.

E.  WITHIN 90 DAYS

A transfer is avoidable under Section 547 if it was made within the 90 day period before the date of the filing of the petition. 11 USC §547(b)(4)(A). The Complaint states that "the action was taken within 90 days of the filing of Plaintiff's petition in bankruptcy." *See* Case No. 20-00001, ECF No. 1 at ¶ 15(d). Other than this conclusory statement, the Complaint fails to provide factual information surrounding the "recording" or alleged "transfer" and thus fails to satisfy the plausibility standard for claims of relief.

F. ENABLED CREDITOR TO RECEIVE MORE THAN IT WOULD UNDER CHAPTER 7

Avoidance under Section 547 also requires the plaintiff to establish the alleged preferential transfer enabled the transferee to receive more than they would have under chapter 7. Section 547(b)(5) is a central element of the preference section because it requires a comparison between what the creditor actually received and what it would have received under [Chapter 7]." 5 Collier on Bankruptcy, 547.03 (Alan N. Resnick & Henry J. Sommer, eds, 15th ed. rev.) Plaintiffs/Debtors provided no factual information showing it to be plausible that Defendants/Creditor would have received less under Chapter 7 than what was received through the alleged preferential transfer.

### III. RECORDING A *LIS PENDENS* DOES NOT CONSTITUTE A TRANSFER.

Plaintiffs/Debtors erroneously argue that a preferential transfer occurred when Defendants/Creditor recorded a Notice of *Lis Pendens* on May 31, 2019 and that such action may be avoided and expunged. *See* Case No. 20-00001, ECF No. 1 at ¶ 4.

Under Guam Law, a *lis pendens* provides notice of a pending litigation and therefore does not constitute a preferential transfer that the Plaintiffs/Debtors can avoid. A *lis pendens* "allows a party '[i]n an action affecting the title or the right of possessions of real property' to record a notice of *lis pendens* describing the nature of the action and the property affected." Hawaiian Rock Prods. Corp. v. Ocean Hous., Inc., 2016 Guam 4 ¶ 18 (*quoting* 7 GCA § 14103). The "purpose of *lis pendens* is to give constructive or actual notice that there is a pending action which may affect the title to real property." Id. (*quoting* Morioka v. I & F Corp. Guam, Civ. No. 91-00027A, 1991 WL 255842, at *3 (D. Guam App. Div. Nov. 18, 1991), aff'd, 999 F.2d 543 (9th Cir. 1993).

A transfer is defined as "(A) the creation of a line; (B) the retention of title as a security interest; (C) the foreclosure of a debtor's equity of redemption; or (D) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with— (i) property; or (ii) an interest in property." 11 U.S.C.A. §101(54). The Senate Report for the same opines:

> A transfer is a **disposition** of an interest in property. The definition of transfer is as broad as possible. Many of the potentially limiting words in current law are deleted, and the language is simplified. Under this definition, any transfer of an interest in property is a transfer, including a **transfer of possession, custody, or control** even if there is no transfer of title, because possession, custody, and control are interests in property. A deposit in a bank account or similar account is a transfer.

*See* Senate Report no. 95–989 (emphasis added).

A Notice of *Lis Pendens* is not a preferential transfer, since its recording does not "transfer of an interest of the debtor in property, to or for the benefit of a creditor" within the meaning of the Bankruptcy Code. Ute Mesa Lot 1, LLC v. First Citizens Bank & Trust Co. (In re Ute Mesa Lot 1, LLC), 736 F.3d 947 (10th Cir. 2013). The Ute Mesa court reasoned that even though a *lis pendens* might render title "unmarketable," the owner still retains the right to convey that property and a potential buyer may still opt to purchase the property despite a recorded notice of *lis pendens*. Id at 952. The Ute Mesa court ultimately held the filing of a *lis pendens* does not constitute a transfer under Section 547 because it "serves as a notice of pending litigation." Id.

Because the recording of a *lis pendens* did not transfer possession, custody, or control of the Property to Defendants/Creditor, a transfer did not occur.

## CONCLUSION

Based on the foregoing, Defendants/Creditor request this Court grant its Motion to Dismiss and deny Plaintiff's/Debtor's request for relief under Sections 547 and 522.

Respectfully submitted this 30th day of May 2020

/s/ Minakshi V. Hemlani, Esq.

MINAKSHI V. HEMLANI, ESQ.

Attorney for Defendants/Creditor
Joseph and Marie Lopez
888 Guam, LLC dba Clean Shot Guam